UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-02660-JPH-DML |
| MARION COUNTY SHERIFF, | ) ) ) |
| Defendant. | ) ) |

**Order Granting Motion to Proceed *In Forma Pauperis*, Screening Complaint, and Directing Plaintiff to File an Amended Complaint**

Plaintiff Paul Haynes, an inmate at the Heritage Trail Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. In this Order, Mr. Haynes's motion to proceed *in forma pauperis* is granted. In addition, because Mr. Haynes is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Three Dollars and Thirty-Six Cents ($3.36). *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through November 30, 2020**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the

plaintiff and the plaintiff's custodian, and the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## II. Screening of the Complaint

A. *Screening Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. *Discussion*

Mr. Haynes sues the Marion County Sheriff. He alleges that in October of 2018, Officer Deidabrock kicked him while he was restrained causing him injuries. The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *LP. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

Based on the screening standard set forth above, the complaint must be dismissed. The only defendant Mr. Haynes names is the Marion County Sheriff, but the Sheriff's Department cannot be liable for the acts of its employees under § 1983. Instead, the Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) to claim against Sheriff Department). To state a viable claim against the Sheriff's Department, Mr. Haynes must allege his injuries were the result of the Sheriff's Department's policy, practice, or custom. *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The complaint fails to provide any factual basis upon which to conclude that the Sheriff's Department took any action that caused Mr. Haynes's injury.

### III. Conclusion and Opportunity to File an Amended Complaint

As discussed above, the motion to proceed *in forma pauperis*, dkt. [2], is **granted**. Mr. Haynes shall have **through November 23, 2020**, to pay the initial partial filing fee.

Mr. Haynes's complaint is dismissed for failure to state a claim upon which relief can be granted. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through November 30, 2020,** in which to **file an amended complaint.** In filing an amended complaint, he shall conform to the following guidelines: (a) the amended complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury the plaintiff claims to have suffered and what persons are responsible

for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Failure to file an amended complaint as directed may result in the dismissal of this case without further notice.

**SO ORDERED.**

Date: 10/30/2020

                                              _James Patrick Hanlon_
                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

PAUL HAYNES
120350
Heritage Trail Correctional Facility
727 Moon Road
Plainfield, IN 46168